# United States Bankruptcy Court
## Southern District of Florida
### Ft. Lauderdale Division

In re:  　　　　　　　　　　　　　　　　　　Case No.13-11806-JKO

WILLIAM BASS,  　　　　　　　　　　　　　　Chapter 11

　　　　　Debtor.
_____/

## WILLIAM BASS'S PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of William Bass, (the "Debtor") from Debtor's income in such amounts as are set forth herein.

This Plan provides for four (4) classes of claims as detailed below which include two classes for secured creditors, one class for priority creditors, and one class for unsecured creditors which may include under-secured creditors if a timely claim has been or the Court grants by order unsecured status. The unsecured claims based on timely filed claims totals **$1,145.10**. Unsecured creditors as defined above will receive distributions equal to **100%** of the allowed amount. **A late filed claim has been filed by a secured creditor and if that claim is allowed as an unsecured claim the payment to unsecured creditors will be 40.8% of the allowed claims.** This Plan also provides for the payment of administrative claims in full on the effective date of this Plan.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01. | Class 1. | All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). |
| 2.02. | Class 2. | The secured claim of Federal National Mortgage Association. (Claim # 4) to the extent allowed as a secured claim under §506 of the Code will be paid direct in accordance with its original terms (property at 6781 SW 41 Dr., Davie, FL 33314). |
| 2.03. | Class 3. | The secured claim of Nationstar Mortgage ( No claim filed) to the extent allowed as a secured claim under §506 of the Code ( $120,996.00 per DE# 56) will be paid direct in accordance with its original terms (property at 353 Las Palmas St., Royal Palm, FL 33411). |
| 2.04. | Class 4. | All unsecured claims allowed under § 502 of the Code including the claims of Sallie Mae and Wells Fargo Bank (Claims #2 & #3), and the late filed claim of CITIMortgage, if allowed  (Claim # 5) will be paid prorata their respective share of a quarterly amount of  $1000.00 |

.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS
# U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section § 1123(a)(1), administrative expense claims, and certain priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code  will be paid in full on the effective date of this Plan (as defined in Article VIII), or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the effective date of the Plan or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. At this time the original claim by IRS has been amended to reflect that there is no amount due.

3.04 <u>United States Trustee Fees.</u> All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid in full on the effective date.

# ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims ( No claims ) | unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VIII, or the date on which such claim is allowed by a final non- appealable order. |
| Class 2 – Secured Claim (FNMA, claim#4) | unimpaired | Class 2 is unimpaired by this Plan. This claim will be paid in accordance with its original terms. Payment will be made directly from the Debtor to the Secured Creditor. |
| Class 3 – Secured Claim (Nationstar Mortgage LLC, no claim) | impaired | Class 3 is unimpaired by this Plan and shall be paid in accordance with the Order (D.E.56) determining the value of the subject property to be $120,996.00. This claim will be paid in accordance with its original terms, subject to the change in principal as referenced above.. Payment will be made directly from the Debtor to the Secured Creditor. |
| Class 4 - General Unsecured Creditors (including under-secured creditors) | impaired | Class 4 is impaired by this Plan. The unsecured creditors will receive their prorate share of a quarterly dividend of $1,000.00 for a total period of five (5) years. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim.</u> A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 <u>Delay of Distribution on a Disputed Claim.</u> No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 <u>Settlement of Disputed Claims.</u> The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 <u>Rejected Executory Contracts and Unexpired Leases.</u> The Debtor assumes all executory contracts and/or unexpired leases effective upon the effective date of this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

1. The Debtor's counsel will serve as distribution agent of all payments to be made to the unsecured creditors. Secured Creditors will be paid directly by the Debtor.

2. On Confirmation, all property of the estate shall be retained by the Debtor.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 <u>Effective Date of Plan.</u> The effective date of this Plan is the fourteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not

been vacated.

8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07 Surrender or Abandonment of Property. All property surrendered or abandoned by the Debtor prior to the confirmation date of the Plan and not yet effective shall be deemed effective upon confirmation of the Plan.

## ARTICLE IX
## DISCHARGE

9.01 Discharge. Confirmation of the Plan does not discharge any debt provided in the Plan until the Court grants a discharge on completion of all payments under the Plan, or as otherwise provided in §1141(d)(5) of the Code. Debtor will not be discharged from any debt excepted from discharge under §523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

9.02 Reservation of Rights Under Sections 1141(d)(5) and 350(a). The Debtor reserves the right, after confirmation, to seek the closing of this bankruptcy proceeding prior to the entry of an Order of discharge, upon the payment of the initial payment under this Plan, payment of all outstanding quarterly United States Trustee's Fees, and the filing of any outstanding federal income tax returns. Such a request may be granted only upon notice and hearing, with notice to all creditors and interested parties. If such request is granted, then upon the satisfaction of all payments required to be paid pursuant to the Plan to classes 1 thru 7, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. §350(b), and the Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. §1141(d)(5). This paragraph only

preserves the Debtor's right to seek the relief described above and does not conclusively grant such relief. Creditors' and interested parties' rights to object to such relief shall similarly be preserved until such time as it is requested by the Debtor after confirmation.

## ARTICLE X
## MODIFICATION AND FINAL DECREE

10.01 Modification of Plan. The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, whether or not the Plan has been substantially consummated, upon request of the debtor, the Trustee, the United States Trustee, or the holder of an allowed claim, to:

   (1) Increase or reduce the amount of payments on claims of a particular class provided for by the plan;

   (2) Extend or reduce the time period for such payments; or

   (3) Alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim made other than under the plan.

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

10.02 Final Decree. Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

## ARTICLE XI
## MISCELLANEOUS

11.01. Notwithstanding any other provisions of the Plan to the contrary, the Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28

U.S.C. §1930(a)(6), within ten (10) days of the entry of the order confirming the Plan, for pre-confirmation periods and simultaneously file all the Monthly Operating Reports for the relevant periods, indicating the cash disbursements for the relevant period. The Debtor, as Reorganized Debtor, shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), based upon all post-confirmation periods within the time period set forth in 28 U.S.C. §1930(a)(6), based upon all post-confirmation disbursements made by the Reorganized Debtor, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the Reorganized Debtor shall provide to the United States Trustee upon the payment of each post-confirmation payment, and concurrently filed with the Court, Post-Confirmation Quarterly Operating Reports indicating all the cash disbursements for the relevant period.

Respectfully submitted,

_____
WILLIAM BASS, Debtor

_____
STAN L. RISKIN, Esq.
FBN 129106
ADVANTAGE LAW GROUP, P.A.
950 S. Pine Island Rd, Ste. A-150
Plantation, FL 33324
Tel: (954) 727-8271
Stan.riskin@gmail.com